**WORTHE HANSON & WORTHE**
A Law Corporation
1851 East First Street, Ninth Floor
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
Email: Jhanson@whwlawcorp.com

JOHN R. HANSON, ESQ., SBN 149794

Attorneys for Defendant, ESTATE OF BENJAMIN SOYARS III

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER LEAH PETERSON, as heir of the estate of STEVEN PETERSON, deceased       ) <br> ) <br> ) <br> Plaintiff,       ) <br> ) <br> v.       ) <br> ) <br> RICHARD A. COE, an individual; VEGAS EXTREME ADVENTURES LLC, a Nevada Limited Liability Company; MONARCH SKY AVIATION GROUP, a Nevada Limited Liability Company; the estate of BENJAMIN SOYARS III, an individual, deceased; EXTRA FLEUGZEUGBAU, a German Corporation.       ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Defendants.       ) <br> ) <br> ) <br> ) | Case No. <br><br> **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

Defendant, ESTATE OF BENJAMIN SOYARS III, hereby gives notice of removal of this action to the United States District Court for the District of Nevada from the Nevada Eighth Judicial District Court in and for Clark County. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, In support of this Notice of Removal, Defendant states and alleges as follows:

1. The jurisdictional ground for removal is diversity of citizenship pursuant to 28 U.S.C. §1332. The action is removed pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as shown below.

1

NOTICE OF REMOVAL

2.    There is complete diversity among served defendants in this case.  Plaintiff, Jennifer Leah Peterson, as heir of the Estate of Steven Peterson, deceased, is a citizen of the State of California.

3.    Defendant ESTATE OF BENJAMIN SOYARS III, deceased was a resident of the State of Virginia.

4.    Defendant Richard A. Coe, an individual, has not been served.

5.    Defendant Vegas Extreme Adventures, LLC, a Nevada Limited Liability Company, has not been served.

6.    Defendant Monarch Sky Aviation Group, a Nevada Limited Liability Company has not been served.

7.    Defendant Extra Fleugzeugbau, A German Corporation, has not been served.

8.    Defendant USAERO, LLC, a Colorado Limited Liability Company, has not been served.

9.    This lawsuit arises out of a fatal plane crash that occurred near Las Vegas, Nevada, on April 30, 2016.  Plaintiff's Complaint alleges causes of action against Defendants for Negligence, Negligent Hiring, Training, and Supervision, Negligence via Strict Liability, Res Ipsa Loquitur, Conscious Disregard of Safety Warranting an Award of Punitive Damages, and Vicarious Liability/Respondeat Superior. (Complaint, Exhibit "A.") Defendant disputes each of these claims.  Each claim lacks reasonable basis in fact and law.

10.    The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

Plaintiff claims, among other things, the following:

a.    General Damages in an amount in excess of $10,000.00;

b.    Special Damages in an amount in excess of $10,000.00; and

c.    For Punitive Damages in an amount to be determined by the trier of fact.

d.    For interest as provided by law.

(Complaint, Exhibit "A," lines 6 - 10.)

The Complaint alleges that at the time of his death, plaintiffs' decedent, Steven "Peterson was thirty-two years old, healthy and happily married to Plaintiff, who was

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

pregnant with their first child." (Complaint, Exhibit "A," p. 6, lines 1, 2.)

11. Attached to this Notice is a copy of the Complaint served upon Defendant, Estate of Benjamin Soyars III, deceased in the State Court Action. Plaintiff filed this lawsuit on March 27, 2017. (See Complaint, attached as Exhibit "A.") Defendant, Estate of Benjamin Soyars III, was served with process and a copy of the Complaint on May 24, 2017. Accordingly, this Notice of Removal has been timely filed within 30 days of service and within one year of commencement of the state court action.

12. All served Defendants named in Plaintiff's Complaint consent to removal.

DATED: June 9, 2017

**WORTHE HANSON & WORTHE**

By: _____
JOHN R. HANSON, ESQ.
Attorney for Defendant, ESTATE OF
BENJAMIN SOYARS III

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

3
NOTICE OF REMOVAL

EXHIBIT "A" TO NOTICE OF REMOVAL

Electronically Filed
03/27/2017 11:49:36 AM

*Steven D. Grierson*

CLERK OF THE COURT

**COMP**
ANTHONY P. SGRO, ESQ.
Nevada State Bar No. 3811
ANDREW D. SEDLOCK, ESQ.
Nevada Bar No. 9183
PATTI, SGRO & ROGER
720 S. 7th Street, 3rd Floor
Las Vegas, Nevada 89101
Telephone: (702) 385-9595
Facsimile: (702) 386-2737
tsgro@psrlegal.com
asedlock@psrlegal.com

DANIEL CARVALHO, ESQ.
Nevada Bar No. 5600
ROGERS, MASTRANGELO,
CARVALHO & MITCHELL
Bank of America Plaza
300 South 4th Street
7th Floor, Suite 710
Las Vegas, Nevada 89101
Telephone: (702) 383-3400
Facsimile: (702) 384-1460
dcarvalho@rmcmlaw.com

Attorneys for Plaintiff

## DISTRICT COURT
## CLARK COUNTY, NEVADA

***

| | |
|---|---|
| JENNIFER LEAH PETERSON, as heir of the estate of STEVEN PETERSON, deceased, | CASE NO.: A-17-753047-C<br>DEPT NO.: XXIX |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| RICHARD A. COE, an individual; VEGAS EXTREME ADVENTURES LLC, a Nevada Limited Liability Company; MONARCH SKY AVIATION GROUP, a Nevada Limited Liability Company; the estate of BENJAMIN SOYARS III, an individual, deceased; EXTRA FLEUGZEUGBAU, a German Corporation; | **ARBITRATION EXEMPTION:<br>AMOUNT IN CONTROVERSY IN<br>EXCESS OF $50,000** |

-1-

USAERO LLC, a Colorado Limited Liability Company; DOES I through XV; and ROE CORPORATIONS I through XV, inclusive,

Defendants.

## COMPLAINT

COMES NOW Plaintiff, JENNIFER LEAH PETERSON, as heir of the estate of STEVEN PETERSON, deceased, by and through her attorneys of record, ANTHONY P. SGRO, ESQ. of the law firm of PATTI, SGRO & ROGER, and DANIEL CARVALHO, ESQ., of the law firm of ROGERS, MASTRANGELO, CARVALHO & MITCHELL, and hereby files this Complaint against Defendants, RICHARD A. COE, an individual; VEGAS EXTREME ADVENTURES LLC, a Nevada Limited Liability Company, MONARCH SKY AVIATION GROUP LLC, a Nevada Limited Liability Company; the estate of BENJAMIN SOYARS III, an individual, deceased; EXTRA FLEUGZEUGBAU, a German Corporation; USAERO LLC, a Colorado Limited Liability Company; DOES I through XV; and ROE CORPORATIONS I through XV, inclusive, complaining, averring, and alleging as follows:

## PARTIES AND JURISDICTION

1.     At all times mentioned herein, Plaintiff, JENNIFER LEAH PETERSON, was and is a resident of Sonoma County, California.

2.     Plaintiff is an heir to the estate of her husband, STEVEN PETERSON, deceased.

3.     At all times mentioned herein, the deceased, STEVEN PETERSON, was a resident of Sonoma County, California.

4.     At all times mentioned herein, upon information and belief, BENJAMIN SOYARS III, deceased, was a resident of Clark County, Nevada.

5.     At all times mentioned herein, upon information and belief, Defendant RICHARD A. COE (hereinafter "Coe") was and is a resident of Clark County, Nevada.

///

-2-

6.      At all times mentioned herein, upon information and belief, Defendant VEGAS EXTREME ADVENTURES LLC (hereinafter "Vegas Extreme Adventures") was and is a Nevada limited liability company doing business in Clark County, Nevada.

7.      At all times mentioned herein, upon information and belief, Defendant MONARCH SKY AVIATION GROUP LLC (hereinafter "Monarch Sky") was and is a Nevada limited liability company doing business in Clark County, Nevada.

8.      At all times mentioned herein, upon information and belief, Defendant EXTRA FLEUGZEUGBAU (hereinafter "Extra") was and is a German corporation doing business in Clark County, Nevada.

9.      At all times mentioned herein, upon information and belief, Defendant USAERO LLC (hereinafter "USAero") was and is a Colorado limited liability company doing business in Clark County, Nevada.

10.     Upon information and belief, Extra designed the aircraft at issue in this case (the "Aircraft") and directed, managed, authorized, or otherwise participated in the manufacture, sale, and/or distribution of the Aircraft.

11.     Upon information and belief, USAero participated in the sale and/or distribution of the Aircraft.

12.     Upon information and belief, Coe, Vegas Extreme Adventures, and/or Monarch Sky were in possession of the Aircraft before and at the time of the events giving rise to this action and were responsible for the operation, maintenance, servicing, inspection, monitoring, and repair of the Aircraft.

///

///

-3-

13.     At all times mentioned herein, Defendants and each of them were and still are, to the extent known by Plaintiff, upon information and belief, the employers of DOES I through XV.

14.     At all times relevant herein, upon information and belief, Defendants and each of them, and DOES I through XV and ROE CORPORATIONS I through XV, were acting in the course and scope of their employment, agency, partnership, and/or joint venture.

15.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated as DOES I through XV and ROE CORPORATIONS I through XV, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by said fictitious names.

16.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as DOE or ROE are responsible in whole or in part for the events and happenings referred to herein, and both proximately and actually caused damages to the Plaintiff through their negligent, reckless, and/or intentional conduct, representations, misrepresentations, omissions, fraud and/or deceit, as more fully set forth in the facts, circumstances, and events described herein.

17.     Plaintiff believes that the parties designated herein as DOES I through IV and ROE CORPORATIONS I through XV may include but are not limited to: designers, engineers, manufacturers, sellers, distributors, contractors, subcontractors, installers, materials providers, servicers, maintainers, repairers, owners, managers, inspectors, operators, and/or supervisors of the Aircraft and employees/agents thereof, and/or any other business, entity, or person that interacted with or has legal duties to Plaintiff related to this action, including insurance companies providing coverage to Defendants or coverage for the Aircraft.

-4-

18.   Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through XV and ROE CORPORATIONS I through XV, inclusive, when the same have been ascertained, and to thence join them in this action.

19.   At all times relevant herein, Defendants, and each of them, were the agents, servants, partners, joint ventures, and/or employees of each and every other Defendant, and were acting within the course and scope of their agency, partnership, joint venture, and/or employment, and to the extent permitted by law, are jointly and severally liable.

20.   Plaintiff herein intends to place all parties that participated in the design, manufacture, distribution, sale, installation, servicing, maintenance, repair, control, supervision, management, monitoring, inspection, operation, and/or insuring of the Aircraft on notice of the claims listed herein.

21.   Jurisdiction is obtained and venue is properly set in the Eighth Judicial District Court of the State of Nevada.

22.   The amount in controversy in this case exceeds $50,000, thereby exempting it from arbitration.

## COMMON FACTS

23.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 22 of this Complaint, and incorporates them by reference as though fully set forth herein.

24.   This action arises out of a fatal plane crash that occurred near Las Vegas, Nevada on April 30, 2016.

25.   On that date, Steven Peterson (hereinafter "Peterson") was visiting Las Vegas with friends.

-5-

26.    Prior to the accident that took his life, Peterson was thirty-two years old, healthy, and happily married to Plaintiff, who was pregnant with their first child.

27.    In advance of their trip, Peterson and/or his friends had purchased flight packages from Sky Combat Ace, one of several aviation-related business ventures owned and operated by Coe.

28.    "Sky Combat Ace" is the business name under which one or more of Defendants operated and still operate.

29.    The flight packages purchased by Peterson and/or his friends allow a customer to fly a plane with a pilot onboard and to perform high-speed aerobatic stunts and simulated air-combat maneuvers.

30.    On April 30, 2016, the day Peterson's flight was scheduled, thunderstorms were present in the immediate area.

31.    Peterson and his friends felt they were in danger, and wished to cancel their flights.

32.    Coe and/or other Defendants represented to Peterson that if he and his friends did not proceed with their flights as scheduled, they would lose the approximately $8,000.00 they had paid in deposits/fares.

33.    Peterson felt pressured and overwhelmed by this aggressive tactic, and boarded the Aircraft with pilot Benjamin Soyars III (hereinafter "Soyars").

34.    Soyars was an employee/agent of Coe, Vegas Extreme Adventures LLC, and/or Monarch Sky.

35.    The Aircraft was an "EA300" single-engine plane designed by Extra.

36.    During the flight, the Aircraft crashed, killing Peterson and Soyars.

-6-

37.    The National Transportation Safety Board ("NTSB") and Federal Aviation Administration ("FAA") initiated investigations of the crash, which as of the filing of this Complaint are still ongoing.

38.    As of April 30, 2016, the Aircraft had been involved in at least one prior incident of mechanical failure that was investigated by the FAA and/or the NTSF

39.    Prior to the accident that killed Peterson, Coe and his aviation-related business ventures (as represented by Sky Combat Ace, Vegas Extreme Adventures, Monarch Sky, and/or other entities that were dissolved prior to Peterson's accident) had previously been investigated and sanctioned by the FAA for conducting unsafe and reckless flying maneuvers with customers on board.

## FIRST CAUSE OF ACTION: NEGLIGENCE
**(Against Coe, the Estate of Soyars, Vegas Extreme Adventures, and Monarch Sky)**

40.    Plaintiff repeats, realleges and incorporates herein by this reference each and every allegation of paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.    Coe, Vegas Adventures, and Monarch Sky, and their agents and employees, including Sky Combat Ace (collectively referred to as "the Coe Defendants") and Soyars, knowingly placed customers at an extremely high degree of risk of injury or death on a daily basis for profit.

42.    Coe is a former military pilot, and advertised that fact to gain customers' trust.

43.    The Coe Defendants and Soyars owed Peterson a duty to exercise due care in operating, maintaining, inspecting, servicing, monitoring, and repairing the Aircraft.

44.    The Coe Defendants and Soyars owed Peterson a duty to conduct business in a manner that was fair, transparent, and did not unfairly pressure customers or put profits ahead of their safety.

-7-

45. The Coe Defendants and Soyars knew, or should have known, that the Aircraft was not reasonably safe to operate or reliable in its operation due to faulty design/manufacture and due to past mechanical failure.

46. The Coe Defendants and Soyars knew, or should have known, that the weather conditions on April 30, 2016 were unsafe for flight and particularly unsafe for high-speed aerobatic stunts and simulated air-combat maneuvers.

47. The Coe Defendants and Soyars knew, or should have known, that Peterson would not have boarded his flight but for their coercive and aggressive tactics concerning refunds

48. The Coe Defendants and Soyars knew, or should have known, that the reasonable and prudent course of action would have been to allow Peterson, who was afraid for his safety, to cancel his flight and obtain a refund.

49. The Coe Defendants and Soyars breached their duties toward Peterson.by failing to exercise due care in operating, maintaining, inspecting, servicing, monitoring, and repairing the Aircraft such that it was reasonably safe to operate and reliable in its operation, by failing to conduct business in a manner that was fair, transparent, and by placing profits ahead of Peterson's safety.

50. As a direct and proximate result of these Defendants' negligence, recklessness, intentional acts and/or conscious indifference and disregard for Peterson's safety and well-being, Peterson lost his life and endured unimaginable terror, pain, and suffering before he died, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

51. As a direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious indifference and disregard for the safety and well-being of

Peterson, Plaintiff has sustained damages in excess of TEN THOUSAND DOLLARS ($10,000.00), including but not limited to punitive damages.

52. As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious disregard for the safety and well-being of Peterson, Plaintiff has been permanently and irreparably injured in body, mind, and spirit, and has been caused to suffer severe and extreme emotional distress, grief, and sorrow; and the loss of the companionship, society, comfort, and consortium of her husband, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

53. Prior to his death, Peterson was gainfully employed and was only thirty-two years old. As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious disregard for Peterson's safety and well-being, Peterson can no longer provide for his family and Plaintiff has suffered the loss of his wages and earning capacity, in an amount to be proved at the time of trial in this matter, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

54. Plaintiff has been required to retain the services of the law firms of PATTI, SGRO & ROGER and ROGERS, MASTRANGELO, CARVALHO & MITCHELL to prosecute this action, and is therefore entitled to an award of reasonable attorney's fees and costs.

**SECOND CAUSE OF ACTION: NEGLIGENT HIRING,**
**TRAINING, AND SUPERVISION**
**(Against Coe, Vegas Extreme Adventures, and Monarch Sky)**

55. Plaintiff repeats, realleges, and incorporates herein by reference each and every allegation of Paragraphs 1 through 54 of this Complaint as though fully set forth herein.

///

56.     The Coe Defendants had a duty to provide for the protection and safety of Peterson while he was in their charge by ensuring that the pilot assigned to his flight possessed the judgment, training, and competency expected under the standards of that profession.

57.     The Coe Defendants advertised that a competent and highly-trained pilot would retain control of any flight purchased by customers through Sky Combat Ace.

58.     The Coe Defendants had a duty to properly hire qualified employees/agents and to properly train and supervise their employees and/or agents, including Soyars, and to ensure that their employees/agents were performing their job duties appropriately, including but not limited to aircraft maintenance, repair, inspection, and operation, maintaining compliance with FAA regulations, and exercising discretion in an ethical and honest manner when interpreting and applying company policies.

59.     The Coe Defendants breached their duty by failing to properly hire, train, and supervise employees/agents, thereby directly and proximately causing the death of Peterson and resulting in injuries and damages to Plaintiff in excess of TEN THOUSAND DOLLARS ($10,000.00).

60.     As a direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious indifference and disregard for Peterson's safety and well-being, Peterson lost his life and endured unimaginable terror, pain, and suffering before he died, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00), including but not limited to punitive damages.

61.     As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious disregard for the safety and well-being of Peterson, Plaintiff has been permanently and irreparably injured in body, mind, and spirit, and has been caused to

suffer severe and extreme emotional distress, grief, and sorrow; and has suffered the loss of the companionship, society, comfort, and consortium of her husband, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

62.    Prior to his death, Peterson was gainfully employed and was only thirty-two years old.  As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious disregard for Peterson's safety and well-being, Peterson can no longer provide for his family and Plaintiff has suffered the loss of his wages and earning capacity, in an amount to be proved at the time of trial in this matter, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

63.    Plaintiff has been required to retain the services of the law firms of PATTI, SGRO & ROGER and ROGERS, MASTRANGELO, CARVALHO & MITCHELL to prosecute this action, and is therefore entitled to an award of reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION: NEGLIGENCE VIA STRICT LIABILITY
(Against Extra and USAero)

64.    Plaintiff repeats, realleges, and incorporates by this reference each and every allegation of Paragraphs 1 through 63 of this Complaint, as though fully set forth herein.

65.    Extra and USAero owed a duty to Peterson to exercise due care in designing, engineering, manufacturing, selling, and distributing a plane that was not unreasonably dangerous and would perform in the manner reasonably to be expected in light of its nature and intended function.

66.    Extra's design, engineering, and manufacture of the Aircraft was improper and defective, and rendered it unreasonably dangerous.

///

-11-

67.    Extra's negligent design, engineering, and manufacture of the Aircraft directly and proximately caused the wrongful death of Peterson.

68.    USAero participated in the sale and distribution of the Aircraft, and knew or should have known that the Aircraft's design was improper, defective, and rendered it unreasonably dangerous.

69.    The defects in the design of the Aircraft were present at the time of its manufacture, sale, and/or distribution by Extra and USAero, and/or by other Defendants involved in the design, engineering, manufacture, distribution, and/or sale of the Aircraft who are presently unknown and identified as DOE and ROE.

70.    Extra and USAero breached their duties by failing to exercise due care in designing, engineering, manufacturing, selling, and/or distributing a plane that was not unreasonably dangerous and would perform in the manner reasonably to be expected in light of its nature and intended function.

71.    As a direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious indifference and disregard for Peterson's safety and well-being, Peterson lost his life and endured unimaginable terror, pain, and suffering before he died, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

72.    As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts and/or conscious indifference and disregard for the safety and well-being of Peterson, Plaintiff has sustained damages in excess of TEN THOUSAND DOLLARS ($10,000.00), including but not limited to punitive damages.

73.    As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious disregard for the safety and well-being of Peterson, Plaintiff

has been permanently and irreparably injured in body, mind, and spirit, and has been caused to suffer severe and extreme emotional distress, grief, and sorrow, and the loss of the companionship, society, comfort, and consortium of her husband, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

74.     Prior to his death, Peterson was gainfully employed and was only thirty-two years old.  As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious disregard for Peterson's safety and well-being, Peterson can no longer provide for his family and Plaintiff has suffered the loss of his wages and earning capacity, in an amount to be proved at the time of trial in this matter, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

75.     Plaintiff has been required to retain the services of the law firms of PATTI, SGRO & ROGER and ROGERS, MASTRANGELO, CARVALHO & MITCHELL to prosecute this action, and is therefore entitled to an award of reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION: RES IPSA LOQUITUR
### (Against All Defendants)

76.     Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation of Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77.     The catastrophic crash that killed Peterson and gave rise to this action is a kind of event that does not ordinarily occur in the absence of negligence.

78.     The crash giving rise to this action was caused by an agency and/or instrumentality in the exclusive control of Defendants.

79.     The crash was caused by the negligence of Defendants and was not due to any voluntary action or contribution on the part of Peterson.

-13-

80.    As a direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious indifference and disregard for Peterson's safety and well-being, Peterson lost his life and endured unimaginable terror, pain, and suffering before he died, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00), including but not limited to punitive damages.

81.    As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious disregard for the safety and well-being of Peterson, Plaintiff has been permanently and irreparably injured in body, mind, and spirit, and has been caused to suffer severe and extreme emotional distress, grief, and sorrow; and the loss of the companionship, society, comfort, and consortium of her husband, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

82.    Prior to his death, Peterson was gainfully employed and was only thirty-two years old.  As a further direct and proximate result of Defendants' negligence, recklessness, intentional acts, and/or conscious disregard for Peterson's safety and well-being, Peterson can no longer provide for his family and Plaintiff has suffered the loss of his wages and earning capacity, in an amount to be proved at the time of trial in this matter, all to Plaintiff's damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

83.    Plaintiff has been required to retain the services of the law firms of PATTI, SGRO & ROGER and ROGERS, MASTRANGELO, CARVALHO & MITCHELL to prosecute this action, and is therefore entitled to an award of reasonable attorney's fees and costs.

/ / /

/ / /

-14-

## FIFTH CAUSE OF ACTION: CONSCIOUS DISREGARD OF SAFETY WARRANTING AN AWARD OF PUNITIVE DAMAGES
### (Against All Defendants)

84. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation of Paragraphs 1 through 83 of this Complaint as though fully set forth herein.

85. Defendants owed Peterson a duty to exercise due care in designing, engineering, manufacturing, selling, distributing, operating, servicing, monitoring, repairing, inspecting, and maintaining the Aircraft so that it would operate in a reasonably safe condition.

86. Defendants further owed Peterson a duty to properly hire, train, and supervise their employees/agents, and to conduct business in a manner that was honest, fair, and prioritized customer safety.

87. The extreme physical danger faced by Peterson and other customers when they placed their trust in Defendants only heightened the duties and weight of responsibility Defendants knowingly and willingly assumed.

88. As set forth in this Complaint, Defendants breached their duty to Peterson and Plaintiff, directly and proximately causing Peterson's death in a completely avoidable accident and causing him to endure unimaginable terror, pain, and suffering before he died, and further resulting in severe, permanent economic and emotional injuries and damages to Plaintiff.

89. Plaintiff is informed and believes, and thereupon alleges, that Defendants acted with conscious disregard of the rights and/or safety of Peterson when breaching their duties toward Peterson and Plaintiff as described herein, warranting an award of punitive damages pursuant to NRS 42.005.

90. Plaintiff is informed and believes, and thereupon alleges, that one or more officers, directors, and/or managing agents of Defendants who were expressly authorized to

-15-

direct or ratify employees'/agents' conduct on behalf of Defendants, had advance knowledge that said employees/agents were unfit for the purposes of their employment, and employed them with a conscious disregard for the rights or safety of Peterson and others.

91. Plaintiff is informed and believes, and thereupon alleges, that one or more officers, directors, and/or managing agents of Defendants who were expressly authorized to direct or ratify employees'/agents' conduct on behalf of Defendants, expressly authorized or ratified said employees'/agents' wrongful acts set forth in this Complaint.

92. One or more officers, directors, and/or managing agents of Defendants who were expressly authorized to direct or ratify employees'/agents' conduct on behalf of Defendants are personally guilty of oppression, fraud, and/or malice in their operation, maintenance, inspection, servicing, monitoring, and repair of the Aircraft; in their conduct of business and application of company policies; in their hiring, training, and supervision of their employees/agents; and in their design, engineering, manufacture, sale, and distribution of the Aircraft.

93. Defendants, individually and through their employees/agents, including officers, directors, and/or managing agents with express authority to direct or ratify employees'/agents' conduct on behalf of Defendants, acted with knowledge of the probable harmful consequences that their negligence and/or intentional acts could reasonably cause, not only to Peterson but to the loved ones he would leave behind.

94. Defendants, through their employees/agents, including officers, directors, and/or managing agents with express authority to direct or ratify employees'/agents' conduct on behalf of Defendants, willfully, deliberately, and with malice failed to act to avoid those harmful consequences, and in fact deliberately acted to cause them to occur, thereby justifying an award of punitive damages pursuant to NRS 42.005.

95.     Plaintiff has been required to retain the services of the law firms of PATTI, SGRO & ROGER and ROGERS, MASTRANGELO, CARVALHO & MITCHELL to prosecute this action, and they are therefore entitled to an award of reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION:
## VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### (Against All Defendants)

96.     Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation of Paragraphs 1 through 95 of this Complaint, as though fully set forth herein.

97.     All negligent and/or intentional actions or omissions alleged herein were committed by Defendants and/or their agents/employees, including but not limited to DOES I through XV and ROE CORPORATIONS I through XV, while operating within the scope of their agency, employment, partnership, and/or joint venture.

98.     Defendants, and each of them, are vicariously liable for any and all such negligent and/or intentional actions or omissions of their agents and/or employees as alleged herein, under respondeat superior or other theory of agency and to the extent allowed by law, and are vicariously liable for the injuries caused to Plaintiff, which exceed TEN THOUSAND DOLLARS ($10,000.00).

99.     Plaintiff has been required to retain the services of the law firms of PATTI, SGRO & ROGER and ROGERS, MASTRANGELO, CARVALHO & MITCHELL to prosecute this action, and they are therefore entitled to an award of reasonable attorney's fees and costs.

/ / /

/ / /

-17-

WHEREFORE, Plaintiff, while expressly reserving the right to amend this Complaint at the time of the trial of the action herein to include all parties, claims, and items of damage not yet ascertained, prays this Court enter its judgment against Defendants, and each of them, as follows:

1.    For general damages in an amount in excess of $10,000.00;

2.    For special damages in an amount in excess of $10,000.00;

3.    For punitive damages in an amount to be determined by the trier of fact within the parameters of NRS 42.005;

4.    For interest as provided by law;

5.    For an award of reasonable attorney's fees and costs of suit; and

6.    For such other and further relief as this Court may deem just and proper.

DATED this __27th__ day of March, 2017.

PATTI, SGRO & ROGER

_/s/ Andrew Sedlock, Esq._
ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
ANDREW D. SEDLOCK, ESQ.
Nevada Bar No. 9183
720 S. Seventh Street, Third Floor
Las Vegas, Nevada 89101
Attorneys for Plaintiff

-18-

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5, I hereby certify that I am an employee of the law firm of Worthe Hanson & Worthe, A Professional Corporation, and that on this 9th day of June, 2017, I duly deposited for mailing at Santa Ana, California, a true and correct copy of the above and foregoing **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446**, postage prepaid, addressed to:

Anthony P. Sgro, Esq.
Andrew D. Sedlock, Esq.
PATTI, SGRO & ROGER
720 S. 7th St., 3rd Fl.
Las Vegas, NV 89101
(702) 385-9595 Office
(702) 386-2737 Facsimile
**ATTORNEYS FOR PLAINTIFF, JENNIFER LEAH PETERSON**

Daniel Carvalho, Esq.
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
Bank of America Plaza
300 South 4th Street
7th Floor, Suite 710
Las Vegas, NV 89101
(702) 383-3400 Office
(702) 384-1460 Facsimile
**ATTORNEYS FOR PLAINTIFF, JENNIFER LEAH PETERSON**

_Gina M. Fisher_
GINA M. FISHER

4
NOTICE OF REMOVAL